UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| G.E. and S.B., in her own capacity and acting on behalf of G.E., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | No. 3:19-cv-00634 ) ) |
| WILLIAMSON COUNTY BOARD OF EDUCATION, | ) ) ) ) |
| Defendant. | |

## ORDER

Pending before the Court is Plaintiffs' Second Emergency Motion for a Temporary Restraining Order and Preliminary Injunctive Relief Pursuant to Federal Rule of Civil Procedure 65 (Doc. No. 11) against Williamson County Board of Education ("Williamson County").[1] Williamson County has responded in opposition. (Doc. No. 16.) For the following reasons, the Court denies without prejudice Plaintiffs' Second Emergency Motion for a Temporary Restraining Order and Preliminary Injunctive Relief.

In its supporting memorandum and Verified Complaint, Plaintiffs allege that GE is a thirteen-year-old boy who previously attended 6th grade at Woodland Middle School, a school within the Williamson County School District. (See Doc. Nos. 10, 12 at 1.) Plaintiffs argue that

---

[1] Although this action is currently before District Judge Aleta A. Trauger, she is not available to decide the instant temporary restraining order application. Accordingly, Plaintiffs' Second Emergency Motion for a Temporary Restraining Order and Preliminary Injunctive Relief Pursuant to Federal Rule of Civil Procedure 65 (Doc. No. 11) was randomly assigned to the undersigned in accordance with this Court's Local Rules. See LR 65.01(e) ("A motion for a TRO is presented to the District Judge assigned to the case if that Judge is available. If the assigned District Judge is not available, the motion for a TRO may be disposed of by some Judge other than the Judge assigned to the case.")

GE suffers from anxiety and other mental health issues, which cause GE to miss a significant amount of school. (Doc. No. 12 at 1-2.) In the spring of 2019, SB (GE's mother) informed Woodland Middle School that GE would be living at a new address for the upcoming school year. (Id. at 2.) School personnel then informed SB that the new address was not zoned for Woodland Middle School, SB requested a zone exemption for GE to remain at Woodland Middle School, and this exemption was ultimately denied. (Id.) Thereafter, in July 2019, SB filed an IDEA[2] due process complaint, alleging that Williamson County violated their Child Find obligations by failing to identify GE as a student with a disability that might benefit from specialized instruction and failing to provide an Individualized Education Program ("IEP") for him. (Id. at 2-3.) On July 22, 2019, the parties held a resolution session to discuss the IDEA due process complaint, and, at that meeting, SB asked Williamson County to consider evaluating GE for eligibility for an IEP and to honor the "stay-put" protection of the IDEA, allowing GE to remain at Woodland Middle School during the pendency of the evaluation. (Id. at 3.) SB reiterated GE's difficulties and her belief that transitioning to a new school during this time would be harmful, but, ultimately, Williamson County refused her request. (Id.)

Plaintiffs assert that they have demonstrated a high likelihood of success on the merits, as it is undisputed that Williamson County: (1) had notice that GE had been diagnosed with anxiety and depression and received psychiatric services; and (2) failed to identify and evaluate GE to determine if he was eligible for special education services or a 504 plan. (Id.) Plaintiffs also argue that GE will suffer irreparable harm if the injunction is not granted based on a supporting affidavit from Dr. William Freeman. (Id.) Dr. Freeman makes the following findings in his affidavit: (1)

---

[2] The Individuals with Disabilities Education Act ("IDEA") provides all disabled children with a free appropriate public education ("FAPE"). See 20 U.S.C. §§ 1400—1491o.

2

GE has displayed significant progress in adjusting to his current social, academic and activity environment; (2) his existing school is vital to his continued development; (3) GE is at a critical point in his development; (4) GE is currently showing signs and symptoms of anxiety, depression, and cognitive dysfunction in anticipation of the school change; and (5) GE "likely" has several diagnoses, including autism spectrum disorder, major depression, generalized anxiety, and adjustment disorder. (Doc. No. 13-2 at 1-2.) Finally, Plaintiffs assert that granting the temporary restraining order application will: (1) not cause substantial harm to others, as GE is already a student at Woodland Middle School, so his attendance there would be in keeping with the status quo; and (2) serve the public interest by ensuring school districts comply with federal special education laws for children with disabilities. (Doc. No. 12 at 7-8.)

Williamson County responds in opposition. (Doc. No. 16.) First, Williamson County argues that Plaintiffs have not shown a strong likelihood of success on the merits because they have failed to exhaust the required administrative remedies under the IDEA, and thus, may not seek the requested relief. (Id. at 3.) Williamson County explains that, until the pending administrative remedies related to Plaintiffs' IDEA due process complaint are exhausted, relief cannot properly be granted by the Court, and, therefore, Plaintiffs do not have a likelihood of success on the merits justifying injunctive relief. (Id. at 4-7.) Williamson County also asserts that Plaintiffs do not have a likelihood of success on the merits in this instance because assignment to a particular school location is not a "placement" subject to review under the IDEA and the "stay put" protection does not apply to excuse failure to exhaust. Essentially, Williamson County argues that: (1) even if the stay-put protection of the IDEA applied, the placement for GE by July 2019 was the school to which GE was zoned, which was not Woodland Middle School; and (2) GE is not entitled to stay-put protections because he does not have an educational plan as set forth in an

IEP pursuant to the IDEA and no special circumstances exist to otherwise justify enforcement of the stay-put protection. (Id. at 7-11.)

Further, Williamson County contends that Plaintiffs cannot show that GE will suffer irreparable injury, as Dr. Freeman's affidavit lacks any indication that he has treated or even met GE. (Id. at 11.) Williamson County notes that, aside from Dr. Freeman's deficient affidavit, there is a lack of factual basis for any showing of irreparable injury. (Id. at 11-12.) Finally, Williamson County argues that: (1) substantial harm may result from a decision allowing parents to circumvent discretionary school zoning decisions in federal court; and (2) the public interest is not served by allowing Plaintiffs to circumvent the exhaustion requirements of the IDEA and seek relief directly in federal court. (Id. at 12-13.)

Federal Rule of Civil Procedure 65 governs the Court's power to grant injunctive relief, including temporary restraining orders. Fed. R. Civ. P. 65(b). "Temporary restraining orders and preliminary injunctions are extraordinary remedies which should be granted only if the movant carries [its] burden of proving that the circumstances clearly demand it." Ciavone v. McKee, No. 1:08-cv-771, 2009 WL 2096281, at *1 (W.D. Mich. July 10, 2009) (citing Overstreet v. Lexington-Fayette Urban Cty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002)). In determining whether to issue a temporary restraining order under Rule 65, a district court must consider the following four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without injunctive relief; (3) whether granting the application will cause substantial harm to others; and (4) the impact of the injunction on the public interest. See, e.g., Workman v. Bredesen, 486 F.3d 896, 905 (6th Cir. 2007); Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell, 467 F.3d 999, 1009 (6th Cir. 2006) (noting that the same four factors apply regardless of whether the injunctive relief sought is a TRO or a preliminary injunction). "These

4

factors are not prerequisites but are factors that are to be balanced against each other." Jones v. Caruso, 569 F.3d 258, 265 (6th Cir. 2009). The Court must address each factor "unless fewer factors are dispositive of the issue." Six Clinics Holding Corp., II v. Cafcomp Sys., 119 F.3d 393, 399 (6th Cir. 1997). Here, the Court finds the irreparable farm factor dispositive.

Plaintiffs wholly rely on Dr. Freeman's affidavit (Doc. No. 13-2), but the Court does not believe that the affidavit provides a sufficient basis to conclude that GE will suffer irreparable injury in the absence of injunctive relief. Dr. Freeman's affidavit does not provide any indication that he has diagnosed, treated, or even met GE. (See id.) The affidavit opines that GE "displays significant signs and symptoms" of mental distress and "likely has" several differential diagnoses, but stops short of providing the Court with actual diagnoses regarding GE or opining that starting a different school will result in long-lasting psychological damage. Indeed, Dr. Freeman points out that GE has made significant progress with his mental health and seems to suggest that this progress may be halted if he is forced to change schools. (See id.) Moreover, Dr. Freeman's affidavit largely mirrors the one he submitted in support of Plaintiffs' first temporary restraining order application, and, therefore, even when considering the affidavits together, the Court is not convinced that there has been a showing of irreparable harm. As such, Dr. Freeman's affidavits do not demonstrate that irreparable harm will befall GE from the lack of injunctive relief, and there is simply no other basis in the record for the Court to reach such a conclusion. Accordingly, the Court finds that this factor weighs overwhelmingly in favor of denying Plaintiffs' Second Emergency Motion for a Temporary Restraining Order and Preliminary Injunctive Relief Pursuant to Federal Rule of Civil Procedure 65.

Therefore, Plaintiffs Second Emergency Motion for a Temporary Restraining Order and Preliminary Injunctive Relief Pursuant to Federal Rule of Civil Procedure 65 (Doc. No. 11) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE